**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Shawna G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 23-2677-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Shawna G. ("Plaintiff") filed a Motion to Reconsider (the "Motion") relating to the Court's Memorandum Opinion and Order (the "August 22, 2024 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 18. Defendant filed a response in opposition on September 18, 2024. ECF 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

## I. LEGAL STANDARD

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac.*

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on October 3, 2023. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

## II. ANALYSIS

Plaintiff requests that the Court alter or amend its August 22, 2024 Decision because "the decision contains manifest errors of both law and fact." ECF 18, at 1. Specifically, Plaintiff contends that the August 22, 2024 Decision erred in finding that "[t]he ALJ did not commit harmful error when discounting the third-party function report." ECF 18, at 2 (quoting the August 22, 2024 Decision at 8-9).

Plaintiff explains her position as follows: "The Court reasons that remand is not warranted because the ALJ had first 'rejected those limitations and supported that decision with substantial evidence' when evaluating Plaintiff's subjective statements. However, a third party's statements can never be discounted because they are consistent with the claimant's statement. In fact the opposite is true." ECF 18, at 2 (citing SSR 16-3p). Plaintiff relies on two prior decisions from this Court. *See Roita T.B. v. Berryhill,* No. TMD-18-33, 2019 WL 1316992, at *1 (D. Md. Mar. 22, 2019); *Paul P. v. Saul*, No. GLS-19-2793, 2021 WL 1134751, at *1 (D. Md. Mar. 24, 2021). Plaintiff argues that "'[t]he fact that a lay witness is a family member cannot be a ground for rejecting [the witness's] testimony.'" ECF 18, at 4 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Also, a "'lack of support from the overall medical evidence is . . . not a proper basis for disregarding' lay testimony, as such testimony offers a useful perspective on a claimant's abilities which differs from that which is gleanable through medical records." *Id.* (quoting *Roita T.B.*, 2019 WL 1316992, at *5. Based on this authority, Plaintiff insists that the ALJ committed reversible error "by dismissing Plaintiff's fiancé's testimony upon the basis that it was incompatible with the medical evidence of record." *Id.* at 5.

Defendant argues that the Fourth Circuit has not taken a position on whether discounting reports on this basis constitutes harmful error. ECF 21, at 4. Further, even if a position was taken by the Fourth Circuit, the Court here did not "apply such a standard—which is more favorable to Plaintiff—because even if it did, reversal is not warranted." *Id.* (citing August 22, 2024 Decision, at 8-9). Plaintiff's argument on reconsideration does not pass muster. As discussed by Defendant, the Court's August 22, 2024 Decision did not apply the standard suggested by Plaintiff. Rather, the decision explained that while "[s]ome courts have found ALJ decisions deficient for discounting a report because it was 'not an acceptable medical source' and 'not based on objective medical evidence.' . . . The Court need not decide here whether to apply such standard." August 22, 2024 Decision, at 8. This is because the ALJ's decision was supported with substantial evidence, thus any error in discounting the third-party report was harmless. *Id.* at 9. In the end, the Court views the arguments as asking it to "rethink what the Court had already thought through–rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. The Motion fails to establish a need to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 18, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge